IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAHMAD ALI JAMES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-079 |
| | ) | (Formerly CR 114-29) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. This case is now before the Court on Respondent's motion to dismiss Petitioner's § 2255 motion, (doc. no. 3), to which Petitioner has filed a response, (doc. no. 5). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED** without an evidentiary hearing, this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

## I. BACKGROUND

### A. Indictment

On March 5, 2014, a grand jury in the Southern District of Georgia charged Petitioner with four counts of sexual exploitation of a minor and five counts of distribution of child pornography. United States v. James, CR 114-029, doc. no. 13 (S.D. Ga. Mar. 5, 2014) ("CR

114-029"). The Court appointed attorney M. Travis Saul to represent him, with Petitioner contributing $500 a month towards his defense. (Id., doc. no. 10.)

### B. Change of Plea

On May 20, 2014, Petitioner pled guilty to one count of sexual exploitation of a minor. (Id., doc. no 43.) During the change of plea hearing, Judge Hall established Petitioner's competence to enter a guilty plea if he so desired. (Id., doc. no. 63 ("Rule 11 Tr."), pp. 5-6.)

First, Judge Hall reviewed the charges in the indictment and explained the rights that Petitioner would be waiving by pleading guilty. (Id. at 6-11.) Petitioner affirmed that he clearly understood those rights. (Id.) Among the rights explained, Judge Hall reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. (Id. at 7-9.) Petitioner also affirmed that no one had forced or pressured him to plead guilty, or made him any promises to induce him to plead guilty. (Id. at 3,13.) Nor had anyone promised, predicted, or prophesied that Petitioner would receive a specific sentence. (Id. at 16-17.)

Next, Judge Hall reviewed the minimum and maximum statutory penalties for the charge. (Id. at 13-14.) Judge Hall explained that Petitioner was facing a statutory minimum of fifteen years and a statutory maximum of thirty years in prison. (Id.) When asked, Petitioner confirmed that he understood the possible penalties. (Id. at 14.)

Judge Hall heard a factual basis for Petitioner's guilty plea from Special Agent Brian Ozden of the Federal Bureau of Investigation. (Id. at 19-23.) SA Ozden testified that his task force was able to identify several message boards utilizing a server overseas to distribute

2

child pornography. (Id. at 20.) Due to the server purposefully not retaining any identifying information such as IP addresses, the FBI transported the server to the United States and put it on a public network for three days to capture identifying information on the individuals using the chatroom. (Id.) During the course of those three days, the server captured an IP address related to the residence of Petitioner. (Id. at 21.) The FBI also obtained information from social media that indicated Petitioner lived with the minor shown in the pornographic images traded by Petitioner in the chatroom. (Id.) Based upon this information, SA Ozden obtained a search warrant for Petitioner's residence where the officers found child pornography. (Id.)

During an interview with SA Ozden, Petitioner identified e-mail addresses belonging to him that the FBI captured during its three-day period of using the server. (Id.) Petitioner also identified pornographic images of a child traded on the server as photos that he had taken. (Id.) SA Ozden discovered from the interview that the child in the photographs was the child of Petitioner's former girlfriend with whom he lived in Atlanta from 2010-2013. (Id. at 22.) The child was left in Petitioner's custody while the mother was at work, and Petitioner utilized that time to take illicit photographs of the child. (Id.) Petitioner then uploaded the photographs to the chatrooms years later from his residence in Augusta. (Id.) The victim, who lived in Illinois at the time she was interviewed, stated she was molested by Petitioner from the time she was in second grade until he moved out in 2013, when she was approximately fifteen. (Id.)

Petitioner's plea agreement included a broad collateral attack waiver provision that stated in relevant part: "Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28

U.S.C. § 2255 motion." (Id., doc. no. 44, p. 5.) By signing the plea agreement, Petitioner attested that he had read the plea agreement and understood all of its provisions. (Id. at 9.)

In reviewing the rights that Petitioner would be waiving by signing the plea agreement, Judge Hall reviewed the collateral attack waiver and summarized it as follows:

> I note that you have agreed to give up or waive your right to appeal your conviction and sentence on any ground, whether directly or in a post-conviction proceeding, with only three exceptions: You may appeal your sentence if the sentence exceeds the statutory maximum penalty for this offense or if the sentence exceeds the advisory guideline range that I determine to be applicable to your case at sentencing, or, third, the Government should appeal.

(Rule 11 Tr., p. 12.) When asked about the appeal and collateral attack waiver, Petitioner clearly indicated that he understood it. (Id. at 13.) Judge Hall aptly summarized the proceedings as follows:

> [T]he Court finds that the defendant, Mr. James, is competent. He fully understands the charge against him. There is an independent factual basis for his plea of guilty containing each of the essential elements of the offense. He knows the statutory minimum and maximum that could be imposed upon a conviction of this charge and he knows his jury rights which he has knowingly and voluntarily waived. I further find that Mr. James' decision to plead guilty this morning was voluntary, knowing, and not the result of any force, pressure, threats, or promises other than the promises made by the Government in the plea agreement.

(Id. at 29.)

### C. Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 43, Criminal History Category at I, and an advisory Sentencing Guidelines term of imprisonment for 360 months, the statutory maximum. (PSI ¶ 58.) Petitioner objected to the PSI's four-point enhancement for material that involved sadistic or masochistic conduct and the PSI's two-point enhancement for the

4

victim being in the custody, care, or control of Petitioner. (PSI Addendum.) At sentencing, Judge Hall overruled these objections to the PSI, finding that masochistic and sadistic photos of a non-victim were uploaded during the relevant time frame and that the victim was left in Petitioner's care on numerous occasions making him a custodian. CR 114-029, doc. no. 64 ("Sent. Tr."), pp. 53-55.) As a result, Judge Hall adopted the factual statements and guidelines recommendation contained in the PSI. (Id. at 55.)

On September 11, 2014, Judge Hall imposed a sentence of 360 months imprisonment, ten years of supervised release, and a fine of $2000. (Id. at 68-69; CR 114-029, doc. no. 57.) Judgment was entered the next day, September 12, 2014. (Id., doc. no. 57.)

### D. Subsequent Proceedings

Petitioner did not file an appeal but timely filed this § 2255 motion, raising four grounds for relief:

    I. Petitioner was wrongly given a two-point enhancement for the victim being under Petitioner's care, custody, or supervisory control under USSG § 2G2.1(b)(5).

    II. Petitioner was improperly given a four-point enhancement for material involving sadistic or masochistic conduct under USSG § 2G2.1(b)(4).

    III. Petitioner was wrongly given a two-point enhancement for offense conduct involving the commission of a sexual act or sexual conduct under USSG § 2G2.1(b)(2)(A).

    IV. Petitioner was wrongly given a chapter four enhancement for engaging in a pattern of activity involving prohibited sexual conduct under USSG § 4B1.5.

(Doc. no. 1, pp. 4-9.) Respondent contends that the petition should be dismissed because (1) all of Petitioner's grounds are barred by the collateral attack waiver and (2) Petitioner has procedurally defaulted his claims by not bringing them on direct appeal. (Doc. no. 3, pp. 7-

5

9.) Petitioner has filed a reply to the motion to dismiss giving further argument as to why the particular sentencing enhancements did not apply to him but which fails to address the issue of whether the collateral attack waiver bars his claims. (See doc. no. 5.)

## II. DISCUSSION

### A. There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

### B. Petitioner's Claims Are Barred Because He Knowingly and Voluntarily Agreed to the Collateral Attack Waiver.

All of Petitioner's grounds in the § 2255 motion are precluded by the waiver provision in the plea agreement, in which Petitioner waived his right to collaterally attack his conviction and sentence. It is well settled that a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary. United

6

States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004) (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then an appeal and collateral attack waiver is enforceable. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collaterally attack his sentence and conviction or the knowing and voluntary nature of his guilty plea, except in three narrow circumstances that clearly do not apply here. (See CR 114-029, doc. no. 44, p. 5 ("Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.").) Furthermore, Judge Hall reviewed Petitioner's plea agreement during the plea colloquy, including specifically the waiver provision. (Rule 11 Tr., p. 12.) After Judge Hall concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed to the terms of the plea agreement, including the collateral attack waiver. (Id. at 13.) Therefore, the

collateral attack waiver was knowing and voluntary. Weaver, 275 F.3d at 1333. While Petitioner would have the Court ignore his responses to Judge Hall's questions, "solemn declarations in open court carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

In sum, because Petitioner's claims do not call into question the validity of his guilty plea or the collateral attack waiver, they are barred by the collateral attack waiver. (See doc. no. 1.) Therefore, Respondent's motion to dismiss should be granted.

### C. Even if the Collateral Attack Waiver did not Bar Petitioner's Claims, Which it Does, Petitioner's Claims are Procedurally Defaulted.

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a § 2255 challenge." United States v. Montano, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (citing Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." Mills, 36 F.3d at 1055. In other words, Petitioner may not use this collateral attack as "a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted).

A procedural bar or default cannot be overcome unless the § 2255 movant "can demonstrate a cause for this default and show actual prejudice suffered as a result of the alleged error." Montano, 398 F.3d at 1280. "In the alternative, a defendant can also overcome the procedural bar created by the failure to appeal if he could [sic] show a fundamental miscarriage of justice; 'in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas

court may grant the writ even in the absence of a showing of cause for the procedural default.'" Id. (quoting Murray v. Carrier, 477 U.S. 478, 496 (1986)).

Here, it is undisputed that Petitioner did not appeal his sentence and conviction, and the only reason given for not raising his claims on direct appeal is that Petitioner did not have the pre-sentence report at the time of appeal. (Doc. no. 1, pp. 4, 6,7,9.) However, this contention is belied by the record as his attorney clearly had the report at the time of sentencing and made objections to it. (CR 114-029, doc. no. 64.) Further, Petitioner signed a certificate certifying that he had decided to not file an appeal after consulting with his attorney and understanding the consequences of failing to file an appeal. (Id., doc. no. 54.) Petitioner also does not assert the actual innocence exception and his admission as to the factual basis of the crime would prevent him from doing so. (Id., doc no. 63, pp. 27-28.) Accordingly, Petitioner cannot show cause and prejudice to excuse his default, rendering his claims procedurally defaulted.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED**, (doc. no. 3), Petitioner's § 2255 motion be **DISMISSED** without an evidentiary hearing, this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 16th day of December, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA